Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered on or about March 29, 2012, which, in this action alleging breach of representations and warranties made by defendant sellers in pooling and service agreements (PSAs), granted defendants’ motion to dismiss the complaint, unanimously affirmed, with costs.
The court correctly held that plaintiff certificate holders’ action is barred by the “no-action” clause in the PSAs, which plainly limits certificate holders’ right to sue to an “Event of Default,” which, under section 7.01 of the PSAs, involves only the master servicer (cf. Sterling Fed. Bank, F.S.B. v DLJ Mtge. Capital, Inc., 2010 WL 3324705, *4, 2010 US Dist LEXIS 85771, *14 [ND Ill, Aug. 20, 2010, No. 09-C-6904]). Contrary to plaintiffs’ contention, section 2.03 of the PSAs does not render the no-action clause ambiguous, nor does it permit plaintiffs’ to bring this action. That section merely provides for a remedy in *685 the event of a breach, and does not reference or contemplate actions by certificate holders to achieve that remedy. Plaintiffs’ argument that the “Event of Default” provision does not apply in this case is unavailing. Plaintiffs’ interpretation of the “no-action” clause would improperly excise the “Event of Default” provision and distort the plain meaning of the clause (see Bailey v Fish & Neave, 8 NY3d 523, 528 [2007]). Nor are plaintiffs excused from complying with the “Event of Default” provision because of the alleged impossibility of showing such an event. The “prevention/impossibility” doctrine, upon which plaintiffs’ argument relies, only applies, where, unlike here, nonperformance of a condition precedent was caused by the party insisting that the condition be satisfied (see Ellenberg Morgan Corp. v Hard Rock Cafe Assoc., 116 AD2d 266, 271 [1986]).
We have considered plaintiffs’ remaining arguments and find them unavailing. Concur — Saxe, J.P., Friedman, Renwick, DeGrasse and Richter, JJ. [Prior Case History; 35 Misc 3d 1207(A), 2012 NY Slip Op 50601(U).]